UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P. STEPHEN LAMONT,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PETRUCELLI,<br><br>Defendant. | Case No. 18-cv-02790-NC<br><br>**ORDER GRANTING IFP APPLICATION; REQUEST FOR REASSIGNMENT; REPORT & RECOMMENDATION TO DISMISS WITH PREJUDICE**<br><br>Re: ECF 7, 8 |

Pro se plaintiff P. Stephen Lamont filed this action asserting conversion of personal property under California common law against New York defendant John Petrucelli. *See* ECF 1 (Compl.). Lamont also filed an application to proceed in forma pauperis (IFP). ECF 2. On June 7, 2018, the Court denied Lamont's motion to proceed in forma pauperis (IFP) because the application inexplicably stated that Lamont was employed but earned no income. *See* ECF 5. In the same order, the Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and found personal jurisdiction over Petrucelli lacking. *See id.* The Court granted leave to file an amended IFP application and complaint, which Lamont did. *See* ECF 7, 8.

The Court now evaluates the amended IFP application and complaint. As to the former, the Court GRANTS Lamont's motion to proceed IFP because the amended application explains the earlier discrepancy: Lamont earns no income other than welfare because his company, Arumai Technologies, "has not been running a payroll" since 2015

due to lack of funding. ECF 8 at 1. While still somewhat vague, this explanation satisfies the Court that Lamont cannot afford court filing fees.

As to the amended complaint, the Court again FINDS that dismissal is appropriate due to lack of personal jurisdiction over Petrucelli. Like the first complaint, the amended complaint asserts a single claim for conversion of personal property, and it makes the same factual allegations about property, events, and people—all located in New York. The only change to the complaint is a section citing personal jurisdiction principles articulated in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny. While Lamont identifies many relevant Supreme Court cases on personal jurisdiction, they do not help his cause on either specific or general personal jurisdiction. The law remains that, "[f]or an individual" defendant like Petrucelli, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (U.S. 2011). And specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy,' " *id.* at 919 (alteration in original) (quoting von Mehren & Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 Harv. L.Rev. 1121, 1136 (1966))—specifically "whether there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " *Id.* at 924–25 (alteration in original) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), and discussing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–475 (1985); *Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 105 (1987); and Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 628 (1988)).

With no new facts alleged, the Court's earlier finding remains unchanged: the complaint is subject to dismissal because it fails to establish personal jurisdiction over Petrucelli.

Because the undersigned magistrate lacks consent from all parties, *see Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017), the court clerk is directed to reassign this

Case No. 18-cv-02790-NC  2

matter to a District Judge with the recommendation that Lamont's complaint be dismissed with prejudice.

Any party may object to this report and recommendation within 14 days after being served. *See* Fed. R. Civ. P. 72(b)(2).

**IT IS SO ORDERED.**

Dated: June 27, 2018

_____
NATHANAEL M. COUSINS
United States Magistrate Judge